# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON SWEENEY, | : | |
| Plaintiff, | : | Civil Action No.:  3:17-CV-01844 (WWE) |
| v. | : | |
| POST UNIVERSITY, INC.,<br>BOBBY REESE, JOHN HOPKINS | : | |
| | : | MAY 11, 2018 |
| Defendants. | : | |

## DEFENDANT POST UNIVERSITY, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Post University, Inc. hereby responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

### INTERROGATORIES

1.    Please identify all persons who answered these Interrogatories and Requests for Production of Documents or who provided information or responses used in responding to each of these interrogatories. If more than one person provided information for a single interrogatory, please identify with precision the information provided by each person. In identifying said persons, please provide the following information pursuant to Local Rule 26(c)(3), namely, "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

**ANSWER:**    Raymond Lagasse, Assistant Director, Human Resources, Post University.

1

2.      If, during the time period of Plaintiff's employment through the present, you were covered by an insurance policy, including an excess umbrella insurance policy, under which an insurer may be liable to satisfy all or part of a judgment in this case or reimburse you for payments to satisfy part or all of a judgment in this case, state the following:

> (a)  the name(s) and address(es) of the insured(s);
>
> (b)  the amount of coverage under each insurance policy; and
>
> (c)  the name(s) and address(es) of said insurer(s).

**ANSWER:**      A copy of the insurance policy is produced herewith.

3.      State whether any insurer or excess insurer, as described in Interrogatory 2 above, has disclaimed/reserved its duty to indemnify any insured or any other person protected by said policy.

**ANSWER:**   Yes.

4.      For the period of Plaintiff's employment, identify all wages (including bonuses or salary increases, received in whole or in part) and all fringe benefits, including, but not limited to, medical, dental, life, retirement, workers' compensation, Social Security and Medicare benefits, unemployment insurance, pension and/or profit sharing plans offered to Plaintiff, and state the dollar value cost to Defendant of Plaintiff's wages (including bonuses) and fringe benefits, including health and medical insurance, as well as any merit increase given to Plaintiff.

**ANSWER:**    See documents produced herewith, in addition to Plaintiff's wage and benefit information set forth in documents produced as part of Defendants' Responses to Initial Discovery

Protocols, dated January 18, 2018.

5.      Identify any and all persons responsible for making the decision to discharge or terminate Plaintiff's employment with Defendant, including each person's full name, title/position with Defendant at time decision was made, and current employment status with Defendant.

**ANSWER:**      The following individuals were aware of the Plaintiff's resignation and John Hopkins' acceptance of the resignation:

> John Hopkins, CEO
> Don Mroz (President)
> Bobby Reese (Chief Operating Officer)
> Scott Allen (Chief Financial Officer)
> Vicki Whisenhant (Chief Associate Experience Officer)
> Greg Theisen (Chief Information and Technology Officer)

6.      State in detail any and all reasons for the decision to discharge or terminate Plaintiff's employment with Defendant, including any policy(ies) and/or personnel document that were involved or relied upon as part of the termination.

**ANSWER:**      Plaintiff orally resigned to John Hopkins.

3

7.      Identify all individuals who have knowledge of the circumstances surrounding Defendant's decision to separate Plaintiff from her employment with Defendant, including each person's full name, title/position with Defendant at the time of Plaintiff's termination, and current employment status with Defendant.

**ANSWER:**    The following individuals were aware of the Plaintiff's resignation and John Hopkins' acceptance of the resignation:

> John Hopkins, CEO
> Don Mroz (President)
> Bobby Reese (Chief Operating Officer)
> Scott Allen (Chief Financial Officer)
> Vicki Whisenhant (Chief Associate Experience Officer)
> Greg Theisen (Chief Information and Technology Officer)

8.      Identify the individual(s) who replaced Plaintiff, including the individual's gender, age, hire date, annual salary, and description the individual's qualifications for the position.

**OBJECTION AND ANSWER:**    Defendant objects to this interrogatory to the extent it requests salary information for the reason that   such information is confidential personnel information that is not relevant to any party's claim or defense in this matter.

Subject to and without waiving that objection:   Elaine Neely, female, 65 years old, hire date is September 25, 2017, and her title is Chief Regulatory Officer.  A copy of her resume is produced herewith.

4

9.      State whether from 2014 to the present any complaint, whether formal or informal, written or oral, has been made against Defendant by any employee regarding allegations of retaliation, and if so, identify or state the following:

a.   the nature of the complaint;

b.   the identity of the individual who made the complaint;

c.   the date on which such complaint was made;

d.   the identity of the individual to whom the complaint was directed;

e.   whether an investigation occurred, and if so, who handled the investigation;

f.   all documents related to, reflecting or concerning the complaint and any investigation thereof;

g.   whether formal proceedings in court or an administrative agency were brought; and whether the complainant is currently employed by Defendant.

**ANSWER:**    There have been no informal complaints of retaliation. The following formal complaint has been filed: Kathryn Reilly v. Post University, United States District Court, Civil Action No.: 3:17-CV-01704 (SRU), filed October 10, 2017. A copy of the complaint is produced herewith. Post University is represented by Edward M. Richters, Jackson Lewis, P.C.  Any investigation constitutes attorney-work product.

5

10.    State whether any complaint, whether formal or informal, written or oral, has been made against Plaintiff by any employee of Defendant, and if so, identify or state the following:

    a.  the nature of the complaint;

    b.  the identity of the individual who made the complaint;

    c.  the date on which such complaint was made;

    d.  whether an investigation occurred, and if so, who handled the investigation and what were the results of the investigation; and

    e.  all documents related to, reflecting or concerning the complaint and any investigation thereof including any outcome report;

**ANSWER:**    Donna Seminoro, Associate Director of the Office of Student Finance reported that Plaintiff was a bully who told her that she was an overpaid and worthless on numerous occasions. Former Registrar, Mary Ann D'Entremont, stated that the reason she was leaving Post University was that she worked with Plaintiff, who was a bully.


11.    Please state the reason for the management change at Post University that led to the hiring of John Hopkins and Bobby Reese, and specifically, whether they were recruited to make Post University market ready for a sale.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that any management strategy documents sought by Plaintiff are proprietary and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Moreover, the term "concern, reflect or relate to the management change" is overly broad and unduly burdensome.

6

Subject to and without waiving those objections, Mr. Hopkins and Mr. Reese were not recruited to make Post University marketable and ready for a sale. The reason was that Post University's CEO, Tom Samph, decided to retire.

12.     Please state whether or not Reese attempted to move the admissions staff and the financial aid staff in close proximity to each other in the months prior to Plaintiff's employment, and, if so, state the reason for this proposed change.

**ANSWER:**     A decision was made to move the two sections closer to each other, since they worked closely with each other on a daily basis. There is a lot of interaction between the staff members, and the move is more convenient for students because the offices are co-located instead of being in different buildings.

13.     Please describe the compensation, including salary and benefits, given to Bobby Reese and John Hopkins by Post University and describe specifically any compensation or benefit for which Reese was eligible in the event of a sale of Post University.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that it requests confidential salary and benefit information of Defendant's officers, which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.

Subject to and without waiving that objection, there are no additional compensation or benefits that Bobby Reese would receive in the event Post University was sold.

7

14.     Please describe the compensation, including salary and benefits, given to John Hopkins by Post University and describe specifically any compensation or benefit for which Hopkins was eligible in the event of a sale of Post University.

**OBJECTION AND ANSWER:**     Defendant objects to this interrogatory for the reason that it requests confidential salary and benefit information of Defendant's officers, which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.

Subject to and without waiving that objection, there are no additional compensation or benefits that John Hopkins would receive in the event Post University was sold.

8

## BY WAY OF PRODUCTION

1.      Please produce a copy of each and every document identified, referred to, and/or relied upon by Defendant in responding to the foregoing interrogatories.

**ANSWER:**      See documents produced herewith, and documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

2.      Produce any and all insurance policies and or documents identified in response to Interrogatory Number 2 and any notice identified in response to Interrogatory No. 3.

**ANSWER:**      A copy of the policy is produced herewith.

3.      Please produce all documents identified in response to Interrogatory No. 9 that reflect, relate to and concern complaints against Defendant.

**ANSWER:**      See copy of complaint produced herewith.

4.      Please produce all documents identified in response to Interrogatory 10 that reflect, relate to or concern complaints against Plaintiff.

**ANSWER:**      Not applicable.

5.      Produce any and all documents that concern or relate to all wages and fringe benefits as identified in response to Interrogatory No. 4.

**ANSWER:**      See documents produced herewith, in addition to Plaintiff's wage and benefit related documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

6.     Please produce all documents that concern, reflect or relate to the management change as identified in response to Interrogatory No. 11.

**OBJECTION:**     Defendant objects to this request for the reason that the management strategy documents sought by Plaintiff are proprietary and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Moreover, the term "concern, reflect or relate to the management change" is overly broad and unduly burdensome.  Responsive materials are being withheld on the basis of this objection.

7.     Produce the personnel file of Plaintiff's replacement as compliance officer at Post University, as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the personnel file of Plaintiff's replacement contains confidential documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving that objection, a copy of the offer letter and resume of Plaintiff's replacement are produced herewith.

8.     Produce Plaintiff's personnel file as defined in Section 31-128a of the Connecticut General Statutes.

**ANSWER:**   A copy of the Plaintiff's personnel file was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

9.      Produce the personnel files of Bobby Reece as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION:**      Defendant objects to this request for the reason that the personnel files of Defendant's officers are confidential and not relevant to any party's claim or defense and are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

10.      Produce the personnel files of John Hopkins as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION:**      Defendant objects to this request for the reason that the personnel files of Defendant's officers are confidential and not relevant to any party's claim or defense and are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

11.      Produce any and all documents that concern, refer or relate to the decision to terminate Plaintiff's employment with Defendant, including, but not limited to, correspondence, letters, emails, notes, meeting notes, agendas, and calendar entries.

**OBJECTION AND ANSWER:**     Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege.   Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

12.     Produce any and all documents that concern, refer or relate to the recruiting or hiring of the individual(s) who replaced Plaintiff.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the term "concern, refer or relate to" is overly broad and the request as such is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, the offer letter and resume of the individual who replaced Plaintiff are produced herewith.

13.     Produce all documents that concern, refer or relate to enrollment goals for 2015 through 2017 and actual enrollments.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the term "concern, refer or relate to" is overly broad and the request as such is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive materials are being withheld on the basis of this objection.

12

Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17.

14.     Produce all documents that concern, refer or relate to the potential sale of Post University. This request is limited to 2015 to the present.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Additionally, the term "concern, refer or relate to the potential sale" is overly broad.  Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, there has been no such potential sale.

15.     Produce all documents from 2015 to the present which reflect or contain the Federal Department of Education logo. This request is limited to documents created by Defendant not those of the Federal Department of Education.

**ANSWER:**   See documents produced herewith.

16.     Produce documents which reflect the entry of online students without a high school transcript.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "which reflect" is unreasonably vague and overbroad. Depending on the meaning of the term "which reflect" as used in then request, responsive documents may have been withheld on the basis of these objections.

Subject to and without waiving those objections, see spreadsheet entitle "EC Notes" produced herewith.

17.    Produce documents which reflect, relate to or concern the removal of online students from Post for the last four years and/or the reason for the removal.

**OBJECTION:** Defendant objects to this request for the reason that it requests enrollment documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

18.    Produce documents which reflect online student bad debt accounts for the last four (4) years.

**OBJECTION:** Defendant objects to this request for the reason that it requests financial documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

19.    Produce all documents which reflect, concern or relate to admissions goals from January, 2014 to the present.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that the term "concern, refer or relate to" is overly broad and the request as such is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17.

20.    Produce all documents which reflect any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer from 2015 to the present.

**OBJECTION:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and

15

resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "which reflect any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer" is overly broad. Responsive documents are being withheld on the basis of the objections.

    21.    Produce all email communications to or from Plaintiff on which she was copied six months prior to the separation of employment. This request also includes email communications from Plaintiff's laptop.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that it requests confidential, proprietary, legal and financial documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

Subject to and without waiving those objections, see emails produced herewith. Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Plaintiff's emails.

22.     Please produce all email communications to or from Hopkins on which he was copied which refers to or relates to Plaintiff in any manner in the last six months of Plaintiff's employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith.  Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of John Hopkin's emails.


23.     Please produce all documents that reflect, concern or relate to Plaintiff's promotion to Chief Compliance Officer.

**ANSWER:**     See documents produced herewith.


24.     Please produce all Eagle Eye reports for Monday leadership team meetings during the duration of Plaintiff's employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's

claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, copies of the Eagle Eye Reports are produced herewith.

25.     Please produce all strategic plans from 2016 to the present including all drafts of the plan.

**OBJECTION AND ANSWER:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see copies of strategic plan documents produced herewith.

26.     Please produce all versions of "growth" document, authored by Bobby Reese, which reflected how many new admissions reps, academic advisors, financial aid representatives,

student accounts and other staff would need to be hired each month to increase enrollment to 20,000 to 25,000 students.

**ANSWER:** See documents produced herewith.


27.     Please produce all email communications discussions the hiring of new employees as described in the prior production request.

**OBJECTION:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy and hiring plans that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.


28.     Please produce all email communications to or from Reese on which he was copied referring or relating to Plaintiff in any manner in the last six months of Plaintiff's employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith. Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Bobby Reese' emails.

29.     Please produce all email communications to or from Bobby Reese or John Hopkins, or on which they were copied, which reflect increasing enrollment or admissions to Post University.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objections.

30.     Please produce all email communications to and from Whisenhant on which she was copied referring to or relating to Plaintiff in any manner in the last six months of her employment.

**OBJECTION AND ANSWER:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance

of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith. Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Vicki Whisenhant's emails.

31.     Produce all documents reflecting, concerning or relating to moving the financial aid employees in close proximity to the admissions personnel.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

32.     Produce all documents which concern, refer or relate to poor enrollment numbers and the Financial Aid Office being assigned blame or to be identified as the cause for same.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy and enrollment that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance

of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

33.     Please produce all documents that reflect, concern or relate to setting goals for enrollment numbers from 2015 to the present.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "reflect, concern or relate to setting goals" is overly broad. Responsive documents are being withheld on the basis of the objections. Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17.

34.     Produce all documents related to the ATP Policy, including but not limited to documents regarding where the ATP Policy is stated, how it is applied, any variances or modifications, and the prerequisites for an ATP designation for Post University's students. This request limited to 2015 to the present.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that the term "all documents related to the ATP Policy" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and

resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections. Subject to and without waiving those objections, copies of the ATP policy are produced herewith.

35.    Produce all documents that concern, refer, or relate to the requirements for approving a financial aid applicant as having an ability to pay.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that the term "concern, refer, or relate to the requirements for approving a financial aid applicant as having an ability to pay" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, copies of the ATP policy are produced herewith.

36.    Produce all documents which reflect the number of Post University students that filed an application for financial aid from 2014 to present and whether their application(s) were approved or denied.

**OBJECTION:**  Defendant objects to this request for financial aid documents "which reflect the number of Post University students that filed an application for financial aid from 2014 to present and whether their application(s) were approved or denied as having an ability to pay" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy,

the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

37.     Produce all documents which concern, refer or relate, in any manner to the dinner meeting on July 26, 2017, including, but not limited to, any agenda, handwritten notes, emails, calendar invites, memos and letters.

**OBJECTION AND ANSWER:**     Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see documents produced herewith.

38.     Produce any all documents related to a staff meeting during July of 2017 concerning military admissions to Post University, including, but not limited to, complaints about the Plaintiff.

**OBJECTION AND ANSWER:**     Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see document produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

39.     Produce policies related to Post University's online enrollment including all communications to staff regarding the implementation of online enrollment at Post University from 2014 through 2017.

**OBJECTION:**   Defendant objects to this request for the reason that it requests enrollment documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the request for "all communications" is overly broad and unduly burdensome. Responsive documents are being withheld on the basis of the objection.

40.     Produce all documents that reflect or concern John Hopkins' job description, work assignments, job duties and compensation for which he was hired by Post University.

**OBJECTION:** Defendant objects to this interrogatory for the reason that it requests information regarding Defendant's CEO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.

41.     Produce all documents which reflect, concern or relate to the basis for the decision to recruit and hire John Hopkins.

**OBJECTION:**       Defendant objects to this interrogatory for the reason that it requests confidential and proprietary strategic information regarding Defendant's CEO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.

25

42.     Produce all documents regarding Bobby Reece's job description, work assignments, job duties and compensation for which he was hired by Post University.

**OBJECTION AND RESPONSE:**     Defendant objects to this interrogatory for the reason that it requests information regarding Defendant's COO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.

43.     Please produce all documents which reflect, concern or relate to the basis for the decision to recruit and hire Bobby Reese.

**OBJECTION:**     Defendant objects to this interrogatory for the reason that it requests confidential and proprietary strategic information regarding Defendant's COO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.

44.     Please produce any and all documents from 2015 to the present which reflect, concern or relate to a desire, policies or practices to expand enrollment numbers.

**OBJECTION AND ANSWER:**  Defendant objects to this request for the reason that it requests enrollment related documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the

26

burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the request for "any and all documents . . . which reflect, concern or relate to a desire . . . ." is overly broad and unduly burdensome. Responsive documents are being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced herewith.

45.    Please produce any and all documents to or from Bobby Reese or on which he was copied that reflect, concern or relate to ATP designation policy or giving any student or potential student an ATP designation.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that the term "all documents . . . . related to that reflect, concern or relate to ATP designation" is overly broad, unreasonably vague and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the ATP policy is produced herewith.

46.    Please produce the document that Plaintiff showed to Hopkins, as described in Paragraph 35 of the Complaint, reflecting a breakdown of all students who completed a financial aid application, but could not be approved by her department as having an ATP because of the requirements established by the federal government.

27

**ANSWER:**    To respond to, this request, Defendant needs Plaintiff to describe with specificity the email alleged in Paragraph 35of the Complaint, including the date, the sender, the recipient and the subject matter referred to on the email.

47.    Please produce Plaintiff's email to Matt Vining as described in Paragraph 51 of the Complaint.

**ANSWER:**    A copy of the document was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

48.    Please produce a copy of any intent to enroll form used by the Defendant during Plaintiff's employment.

**ANSWER:**    A copy of the document is produced herewith.

49.    Please produce a copy of the admissions package used during Plaintiff's employment.

**ANSWER:**    See documents produced herewith.

50.    Please produce all policies related to Integrated Post-Secondary Education Data System ("IPEDS") reporting that existed during Plaintiff's employment.

**ANSWER:**    There is no specific policy.

51.    Please produce the resumes of Bobby Reese and John Hopkins.

**ANSWER:**    Defendant does not maintain copies of the individuals' resumes.  A copy of the

Post University Press Release for John Hopkins is produced herewith.   The web link to the

Linkedin Page for Bobby Reese is https://www.linkedin.com/in/bobby-reese-a9295015/.

DEFENDANT, POST UNIVERSITY, INC.

By:_____
Edward M. Richters (ct 08043)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
edward.richters@jacksonlewis.com

29

## CERTIFICATION OF SERVICE

I hereby certify that on May 11, 2018, a copy of the foregoing was served by mail

on:

       Heena Kapadia, Esq.
       The Law Office of Heena Kapadia, LLC
       572 White Plans Road
       Trumbull, CT 06611
       Tel: (203) 288-8006
       Email: hkapadia@heenakapadialaw.com

                                    Edward M. Richters

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHARON SWEENEY, | : | |
| Plaintiff, | : | Civil Action No.: 3:17-CV-01844 (WWE) |
| v. | : | |
| POST UNIVERSITY, INC., | : | |
| BOBBY REESE, JOHN HOPKINS | : | MAY 31, 2018 |
| Defendants. | : | |

## DEFENDANT POST UNIVERSITY, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Post University, Inc. hereby responds to Plaintiff's First Set of Requests for Production of Documents.

### BY WAY OF PRODUCTION

1.     Please produce a copy of each and every document identified, referred to, and/or relied upon by Defendant in responding to the foregoing interrogatories.

**ANSWER:**     See documents produced herewith, and documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018. (DEF 433 - DEF 1529).

2.     Produce any and all insurance policies and or documents identified in response to Interrogatory Number 2 and any notice identified in response to Interrogatory No. 3.

**ANSWER:**     A copy of the policy is produced herewith. (DEF 433 - DEF 517).

3.      Please produce all documents identified in response to Interrogatory No. 9 that reflect, relate to and concern complaints against Defendant.

**ANSWER:**     See copy of complaint produced herewith. (DEF 529 - DEF 540).

4.      Please produce all documents identified in response to Interrogatory 10 that reflect, relate to or concern complaints against Plaintiff.

**ANSWER:**     Not applicable.

5.      Produce any and all documents that concern or relate to all wages and fringe benefits as identified in response to Interrogatory No. 4.

**ANSWER:**     See documents produced herewith, in addition to Plaintiff's wage and benefit related documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.  (DEF 529 - DEF 540).

6.      Please produce all documents that concern, reflect or relate to the management change as identified in response to Interrogatory No. 11.

**OBJECTION:**     Defendant objects to this request for the reason that the management strategy documents sought by Plaintiff are proprietary and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Moreover, the term "concern, reflect or relate to the management change" is overly broad and unduly burdensome.  Responsive materials are being withheld on the basis of this objection.

2

7.    Produce the personnel file of Plaintiff's replacement as compliance officer at Post University, as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that the personnel file of Plaintiff's replacement contains confidential documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving that objection, a copy of the offer letter and resume of Plaintiff's replacement are produced herewith. (DEF 541 - DEF 545).

8.    Produce Plaintiff's personnel file as defined in Section 31-128a of the Connecticut General Statutes.

**ANSWER:**    A copy of the Plaintiff's personnel file was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

9.    Produce the personnel files of Bobby Reece as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION:**    Defendant objects to this request for the reason that the personnel files of Defendant's officers are confidential and not relevant to any party's claim or defense and are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

3

10.     Produce the personnel files of John Hopkins as defined in Section 31-128a of the Connecticut General Statutes.

**OBJECTION:**     Defendant objects to this request for the reason that the personnel files of Defendant's officers are confidential and not relevant to any party's claim or defense and are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues.  Responsive materials are being withheld on the basis of this objection.

11.     Produce any and all documents that concern, refer or relate to the decision to terminate Plaintiff's employment with Defendant, including, but not limited to, correspondence, letters, emails, notes, meeting notes, agendas, and calendar entries.

**OBJECTION AND ANSWER:**     Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege.   Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

12.     Produce any and all documents that concern, refer or relate to the recruiting or hiring of the individual(s) who replaced Plaintiff.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the term "concern, refer or relate to" is overly broad and the request as such is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the

4

issues at stake in this litigation, and the importance of the discovery in resolving the issues.
Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, the offer letter and resume of the individual who
replaced Plaintiff are produced herewith. (DEF 541 - DEF 545).

13.     Produce all documents that concern, refer or relate to enrollment goals for 2015
through 2017 and actual enrollments.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the term
"concern, refer or relate to" is overly broad and the request as such is not relevant to any party's
claim or defense and is not proportional to the needs of the case, considering the importance of the
issues at stake in this litigation, and the importance of the discovery in resolving the issues.
Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, produced herewith is a worksheet containing
budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17.
(DEF 546 - DEF 551).

14.     Produce all documents that concern, refer or relate to the potential sale of Post
University. This request is limited to 2015 to the present.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests
confidential, propriety documents reflecting business strategy that are not relevant to any party's
claim or defense and is not proportional to the needs of the case, considering the importance of the
issues at stake in this litigation, the amount in controversy, the parties' relative access to
information and resources, the burden and expense of the proposed discovery and the importance

5

of the discovery in resolving the issues. Additionally, the term "concern, refer or relate to the potential sale" is overly broad. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, there has been no such potential sale.

15.     Produce all documents from 2015 to the present which reflect or contain the Federal Department of Education logo. This request is limited to documents created by Defendant not those of the Federal Department of Education.

**ANSWER:**   See documents produced herewith. (DEF 552 - DEF 614).

16.     Produce documents which reflect the entry of online students without a high school transcript.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the term "which reflect" is unreasonably vague and overbroad. Depending on the meaning of the term "which reflect" as used in then request, responsive documents may have been withheld on the basis of these objections.

Subject to and without waiving those objections, see spreadsheet entitled "EC Notes" produced herewith. (DEF 615 - DEF 619).

17.     Produce documents which reflect, relate to or concern the removal of online students from Post for the last four years and/or the reason for the removal.

**OBJECTION:**  Defendant objects to this request for the reason that it requests enrollment documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.


18.     Produce documents which reflect online student bad debt accounts for the last four (4) years.

**OBJECTION:**  Defendant objects to this request for the reason that it requests financial documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objection.


19.     Produce all documents which reflect, concern or relate to admissions goals from January, 2014 to the present.

**OBJECTION AND ANSWER:**     Defendant objects to this request for the reason that the term "concern, refer or relate to" is overly broad and the request as such is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the

7

issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17. (DEF 546 - DEF 551).

20.     Produce all documents which reflect any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer from 2015 to the present.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Additionally, the term "which reflect any plan or possibility of the sale of Defendant or of making Defendant more marketable to a buyer" is overly broad.  Responsive documents are being withheld on the basis of the objections.

21.     Produce all email communications to or from Plaintiff on which she was copied six months prior to the separation of employment. This request also includes email communications from Plaintiff's laptop.

**OBJECTION AND ANSWER:**    Defendant objects to this request for the reason that it requests confidential, proprietary, legal and financial documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance

8

of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

Subject to and without waiving those objections, see emails produced herewith. (DEF 1371 - DEF 1529). Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Plaintiff's emails.

22.     Please produce all email communications to or from Hopkins on which he was copied which refers to or relates to Plaintiff in any manner in the last six months of Plaintiff's employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith. Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of John Hopkin's emails. (DEF 1371 - DEF 1529).

23.    Please produce all documents that reflect, concern or relate to Plaintiff's promotion to Chief Compliance Officer.

**ANSWER:**    See documents produced herewith. (DEF 620 - DEF 621).


24.    Please produce all Eagle Eye reports for Monday leadership team meetings during the duration of Plaintiff's employment.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are not being withheld on the basis of the objections.

Subject to and without waiving those objections, copies of the Eagle Eye Reports are produced herewith. (DEF 622 - DEF 1111).


25.    Please produce all strategic plans from 2016 to the present including all drafts of the plan.

**OBJECTION AND ANSWER:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance

of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, see copies of strategic plan documents produced herewith. (DEF 1112 - DEF 1337).

26.     Please produce all versions of "growth" document, authored by Bobby Reese, which reflected how many new admissions reps, academic advisors, financial aid representatives, student accounts and other staff would need to be hired each month to increase enrollment to 20,000 to 25,000 students.

**ANSWER:** See documents produced herewith. (DEF 1338- DEF 1352).

27.     Please produce all email communications discussions the hiring of new employees as described in the prior production request.

**OBJECTION:** Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy and hiring plans that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

28.     Please produce all email communications to or from Reese on which he was copied referring or relating to Plaintiff in any manner in the last six months of Plaintiff's employment.

11

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith. Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Bobby Reese' emails. (DEF 1371 - DEF 1529).

29.   Please produce all email communications to or from Bobby Reese or John Hopkins, or on which they were copied, which reflect increasing enrollment or admissions to Post University.

**OBJECTION:**   Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

12

30.     Please produce all email communications to and from Whisenhant on which she was copied referring to or relating to Plaintiff in any manner in the last six months of her employment.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, in addition to documents produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018, see documents produced herewith. Additionally, Defense counsel will work with Plaintiff's counsel to agree upon reasonable search terms for a search of Vicki Whisenhant's emails. (DEF 1371 - DEF 1529).

31.     Produce all documents reflecting, concerning or relating to moving the financial aid employees in close proximity to the admissions personnel.

**OBJECTION:**   Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

13

32.     Produce all documents which concern, refer or relate to poor enrollment numbers and the Financial Aid Office being assigned blame or to be identified as the cause for same.

**OBJECTION:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy and enrollment that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are not being withheld on the basis of the objections.

33.     Please produce all documents that reflect, concern or relate to setting goals for enrollment numbers from 2015 to the present.

**OBJECTION AND ANSWER:**  Defendant objects to this request for the reason that it requests confidential, propriety documents reflecting business strategy that are not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Additionally, the term "reflect, concern or relate to setting goals" is overly broad. Responsive documents are being withheld on the basis of the objections. Subject to and without waiving those objections, produced herewith is a worksheet containing budgeted enrollment goals for Post University for the three year span of FY15, FY16, and FY17. (DEF 546 - DEF 551).

14

34.   Produce all documents related to the ATP Policy, including but not limited to documents regarding where the ATP Policy is stated, how it is applied, any variances or modifications, and the prerequisites for an ATP designation for Post University's students. This request limited to 2015 to the present.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that the term "all documents related to the ATP Policy" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objections. Subject to and without waiving those objections, copies of the ATP policy are produced herewith. (DEF 1353 - DEF 1354).

35.   Produce all documents that concern, refer, or relate to the requirements for approving a financial aid applicant as having an ability to pay.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that the term "concern, refer, or relate to the requirements for approving a financial aid applicant as having an ability to pay" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.  Responsive documents are being withheld on the basis of the objections.

15

Subject to and without waiving those objections, copies of the ATP policy are produced herewith. (DEF 1353 - DEF 1354).

36.    Produce all documents which reflect the number of Post University students that filed an application for financial aid from 2014 to present and whether their application(s) were approved or denied.

**OBJECTION:** Defendant objects to this request for financial aid documents "which reflect the number of Post University students that filed an application for financial aid from 2014 to present and whether their application(s) were approved or denied as having an ability to pay" is overly broad and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objections.

37.    Produce all documents which concern, refer or relate, in any manner to the dinner meeting on July 26, 2017, including, but not limited to, any agenda, handwritten notes, emails, calendar invites, memos and letters.

**OBJECTION AND ANSWER:**    Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege. Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see documents produced herewith. (DEF 1371 - DEF 1529).

16

38.     Produce any all documents related to a staff meeting during July of 2017 concerning military admissions to Post University, including, but not limited to, complaints about the Plaintiff.

**OBJECTION AND ANSWER:**     Defendant object to this request to the extent that it requests attorney work product or documents governed by the attorney client privilege.   Responsive materials are being withheld on the basis of this objection.

Subject to and without waiving those objections, see document produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.

39.     Produce policies related to Post University's online enrollment including all communications to staff regarding the implementation of online enrollment at Post University from 2014 through 2017.

**OBJECTION:**   Defendant objects to this request for the reason that it requests enrollment documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the request for "all communications" is overly broad and unduly burdensome. Responsive documents are being withheld on the basis of the objection.

40.     Produce all documents that reflect or concern John Hopkins' job description, work assignments, job duties and compensation for which he was hired by Post University.

17

**OBJECTION**: Defendant objects to this interrogatory for the reason that it requests information regarding Defendant's CEO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

41.     Produce all documents which reflect, concern or relate to the basis for the decision to recruit and hire John Hopkins.

**OBJECTION**:     Defendant objects to this interrogatory for the reason that it requests confidential and proprietary strategic information regarding Defendant's CEO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

42.     Produce all documents regarding Bobby Reece's job description, work assignments, job duties and compensation for which he was hired by Post University.

**OBJECTION AND RESPONSE**:     Defendant objects to this interrogatory for the reason that it requests information regarding Defendant's COO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

43.     Please produce all documents which reflect, concern or relate to the basis for the decision to recruit and hire Bobby Reese.

**OBJECTION:**     Defendant objects to this interrogatory for the reason that it requests confidential and proprietary strategic information regarding Defendant's COO which is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, and the importance of the discovery in resolving the issues. Responsive documents are being withheld on the basis of the objection.

44.     Please produce any and all documents from 2015 to the present which reflect, concern or relate to a desire, policies or practices to expand enrollment numbers.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that it requests enrollment related documents that are not relevant to any party's claim or defense and that are not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues. Additionally, the request for "any and all documents . . . which reflect, concern or relate to a desire ...." is overly broad and unduly burdensome. Responsive documents are being withheld on the basis of the objection.

Subject to and without waiving those objections, see documents produced herewith. (DEF 546 - DEF 551, DEF 622 – DEF 1352).

45.     Please produce any and all documents to or from Bobby Reese or on which he was copied that reflect, concern or relate to ATP designation policy or giving any student or potential student an ATP designation.

**OBJECTION AND ANSWER:**   Defendant objects to this request for the reason that the term "all documents . . . . related to that reflect, concern or relate to ATP designation" is overly broad, unreasonably vague and not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation, the amount in controversy, the parties' relative access to information and resources, the burden and expense of the proposed discovery and the importance of the discovery in resolving the issues.   Responsive documents are being withheld on the basis of the objections.

Subject to and without waiving those objections, a copy of the ATP policy is produced herewith. (DEF 1353 - DEF 1354).

46.     Please produce the document that Plaintiff showed to Hopkins, as described in Paragraph 35 of the Complaint, reflecting a breakdown of all students who completed a financial aid application, but could not be approved by her department as having an ATP because of the requirements established by the federal government.

**ANSWER:**     To respond to, this request, Defendant needs Plaintiff to describe with specificity the email alleged in Paragraph 35of the Complaint, including the date, the sender, the recipient and the subject matter referred to on the email.

47.     Please produce Plaintiff's email to Matt Vining as described in Paragraph 51 of the Complaint.

**ANSWER:**    A copy of the document was produced as part of Defendants' Responses to Initial Discovery Protocols, dated January 18, 2018.


48.     Please produce a copy of any intent to enroll form used by the Defendant during Plaintiff's employment.

**ANSWER:**    A copy of the document is produced herewith. (DEF 1355 - DEF 1557).


49.     Please produce a copy of the admissions package used during Plaintiff's employment.

**ANSWER:**    See documents produced herewith. (DEF 1358 - DEF 1368).


50.     Please produce all policies related to Integrated Post-Secondary Education Data System ("IPEDS") reporting that existed during Plaintiff's employment.

**ANSWER:**    There is no specific policy.


51.     Please produce the resumes of Bobby Reese and John Hopkins.

**ANSWER:**    Defendant does not maintain copies of the individuals' resumes.  A copy of the Post University Press Release for John Hopkins is produced herewith.  The web link to the Linkedin Page for Bobby Reese is https://www.linkedin.com/in/bobby-reese-a9295015/. (DEF 1369 - DEF 1370).

DEFENDANT, POST UNIVERSITY, INC.

By: _____
Edward M. Richters (ct 08043)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
edward.richters@jacksonlewis.com

22

## CERTIFICATION OF SERVICE

I hereby certify that on May 31, 2018, a copy of the foregoing was served by mail and email on:

> Heena Kapadia, Esq.
> The Law Office of Heena Kapadia, LLC
> 572 White Plains Road
> Trumbull, CT 06611
> Tel: (203) 288-8006
> Email: hkapadia@heenakapadialaw.com

Edward M. Richters